UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CR83RWS(MLM) |
| | ) | |
| TERESA TREMUSINI, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on defendant Teresa Tremusini's Motion for Severance. [Doc.45] The government filed a Response. [Doc. 46] At a Hearing on April 22, 2010 defendant waived all pretrial motions except for the Motion for Severance. Counsel for defendant requested time to further brief the severance issue. The court granted until April 29, 2010 for further briefing. As of the date of this order no further briefing has been filed.

In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). In determining before

trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment.  Id. at 655; United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989).  In this case, the actions of the defendants are factually interrelated.  Basically the Indictment alleges that defendant Tremusini was Postmaster of the Festus, Missouri Post Office.  Defendant Jones was a Supervisor at the Post Office and defendants Tremusini and Jones are charged with accepting bribes from defendant Gray in furtherance of a scheme to defraud the United States.  Clearly there is a factual interrelationship and the defendants are properly joined under Rule 8(b).

"When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993).  "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988).  The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial.

Very often relevant factors cannot be fully evaluated until during trial, e.g., the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly.  United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990).  "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro, 506 U.S. at 540.  See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991).  Likewise, severance is not required:  If the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials."  United States v. Garrett, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial per se."  Zafiro, 506 U.S. at 538.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

A joint trial would not deprive defendant of his right to ten peremptory jury challenges. Defendant has no such unqualified right. Rule 24(b) of the Federal Rules of Criminal Procedure states that "the defendant or defendants jointly [are entitled] to ten peremptory challenges." (emphasis added) In addition, the evidence in this case is not complex or confusing such that the jury will be unable to make a determination about the separate guilt of each defendant.

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant. Bruton, 391 U.S. at 136. However, such prejudice may

be avoided by the redaction from the confession of any reference to the co-defendant.  United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982).

In the present case defendant Tremusini raises three ground in support of her Motion for Severance.  First, she states she will be prevented from calling co-defendants who "can" offer exculpatory evidence because of the co-defendants' Fifth Amendment privilege against self-incrimination; second, she states the attorney for a co-defendant "could" make statements about her failure to testify or the jury "could" draw adverse inferences about her failure to testify; and third, she states that the evidence against the co-defendants could "spill over" to her.

## 1.    Co-defendant as Witness

As noted above, anticipated exculpatory testimony of a co-defendant does not automatically require severance.  Foote, 970 F.2d at 1400.  "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required."  Id. quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984).

As an initial matter, defendant's argument is pure speculation.  She has not established that either co-defendant would actually testify if a separate trial were held.  She must establish at least a likelihood that a co-defendant would testify and that his testimony would exculpate her.  Blaylock, 421 F.3d 758, 766 (8th Cir. 2005); United States v. DeLuna, 763 F.2d 897, 920 (8th Cir. 1985) (not reversible error to deny severance unless the defendant shows that the co-defendant is likely to testify

at a separate trial and the testimony would be exculpatory); <u>United States v. Starr</u>, 584 F.2d 235, 239 (8th Cir. 1978) (same), <u>cert. denied</u>, 439 U.S. 1115 (1979). Defendant's trial should not be severed on this ground.

## 2. Adverse Inference

Defendant argues that she would be prejudiced if a co-defendant's counsel comments on her failure to testify. She relies on <u>deLuna v. United States</u>, 308 F.2d 140 (5th Cir. 1962) for this proposition. She apparently ignores the fact that the court could instruct counsel not to comment on her failure to testify. If this were not the rule,

> severance in advance of trial may be required where there is a representation to the court that one co-defendant does not expect to take the stand while another or others do expect to testify, and claim their right to comment upon the failure of others to testify. This would eliminate joint trials, or vest in a defendant the right to a mis-trial during final arguments, or in the alternative create built-in reversible error, all in the discretion of the defendants. The law contemplates no such end.

<u>deLuna</u>, 308 F.2d at 156. In any event, the Eighth Circuit has essential limited <u>deLuna</u> to its facts: that is, a case in which one defendant, who testifies, asserts that a non-testifying defendant committed the crime and counsel comments on the failure to testify of the other defendant. <u>See</u> <u>Hayes v. United States</u>, 329 F.2d 209, 221-22 (8th Cir.), <u>cert.denied</u>, 377 U.S. 980 (1964) (<u>distinguishing deLuna</u> finding that the testifying defendants did not claim that all the blame for the criminal acts should be placed on the non-testifying defendants).

At this time, it is not clear whether any or all of the defendants will testify, and if so to what extent their defenses are antagonistic. It is noted above "the mere fact

that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." Garrett, 961 F.2d 473, 476 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial *per se.*" Zafiro, 506 U.S. at 538. Given the facts of this case, it is unlikely a testifying defendant could place the blame for the crimes charged in the indictment on other non-testifying defendants. Again, as noted above an instruction cautioning the jury against drawing any adverse inference from his or her election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

3.      **Evidence Spill-Over**

Defendant states she believes evidence against her co-defendants will spill over to her. This is not a complicated case. There are three defendants and the facts are straight forward. Defendants Tremusini and Jones are charged with accepting bribes from defendant Gray in furtherance of a scheme to defraud the United States. There is no question that the jury will be able to compartmentalize the evidence. See DeLuna, 763 F.2d at 920. Severance is not required because "less drastic means such as a limiting instruction, will often suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

**4.** **Conclusion**

Based on the foregoing, severance of defendant should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Teresa Tremusini's Motion for Severance be **DENIED**. [Doc. 45]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this _12th_ day of May, 2010.